UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------ X

NAQUONE TAYLOR,

                Plaintiff,

   -against-

MILLY'S PIZZERIA INC.,

                Defendant.

------------------------------------X

**ORDER ADOPTING REPORT AND RECOMMENDATION DISMISSING THIS ACTION WITHOUT PREJUDICE**

15-CV-4366 (KAM)(LB)

**MATSUMOTO, United States District Judge:**

        Plaintiff commenced this action against defendant Milly's Pizzeria Inc. on July 25, 2015, alleging violations of the Americans with Disabilities Act. (ECF No. 1, Complaint.) On January 22, 2016, Magistrate Judge Bloom ordered plaintiff to file proof of timely service of process or show cause in writing no later than February 4, 2016 why service was not effected within 120 days after the Complaint was filed.[1] Judge Bloom cautioned that failure to file proof of timely service, or failure to show good cause why service was not timely effected, would result in dismissal of this action pursuant to Federal Rule of Civil Procedure 4(m).

---

[1] Although Rule 4(m) has been amended, effective December 1, 2015, to require that the summons and compliant be served within 90 days from the date the complaint is filed, the court applies the 120-day period in effect at the time plaintiff filed the Complaint.

On January 28, 2016, plaintiff filed an affidavit of service attesting that an unidentified individual accepted service on behalf of the defendant on January 26, 2016, approximately two months after Rule 4(m)'s 120-day service deadline. (ECF No. 6.) Plaintiff has not attempted to show good cause for late service or sought an extension of the 120-day service window.

On March 11, 2016, Judge Bloom issued a Report and Recommendation ("R&R") recommending that the court dismiss this action without prejudice pursuant to Rule 4(m) because plaintiff failed to file proof of timely service of process or show good cause why defendant was not timely served. (ECF No. 7.) The R&R notified the parties that any objections must be filed within fourteen days of service of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). (R&R at 2.) The statutory period for filing objections has now expired, and no objections to Judge Bloom's R&R have been filed.

A district court reviews those portions of a Report and Recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . ." 28 U.S.C. § 636(b)(1)(C). However, where no objections to the Report and Recommendation have been filed, the district court "need only satisfy itself that that there is no clear error on

the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The court has nonetheless conducted a *de novo* review of Judge Bloom's Report and Recommendation.

Upon both clear error and *de novo* review, the court adopts Judge Bloom's Report and Recommendation dismissing this action without prejudice. Pursuant to Rule 4(m), plaintiff had 120 days after the Complaint was filed to serve defendant. By Order dated January 22, 2016, Judge Bloom ordered plaintiff to file proof of timely service or show good cause was service was not effected within the prescribed 120-day service period. Plaintiff has not filed proof of timely service on defendant nor shown good cause why service was not timely effected. Consequently, the court dismisses this case without prejudice pursuant to Rule 4(m).

The Clerk of the Court is respectfully requested to close this case.

**SO ORDERED.**

Dated:   May 23, 2016
         Brooklyn, New York


                                    _____/s/_____
                                    Kiyo A. Matsumoto
                                    United States District Judge

3